**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 4:09 pm, Apr 18, 2017

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Case |
| | ) | Number <u>16-11274</u> |
| NAYNA PATEL | ) | |
| VINOD PATEL | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |
| NAYNA PATEL | ) | |
| VINOD PATEL | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding |
| | ) | Number <u>16-01032</u> |
| BUSINESS LOAN CENTER, LLC as | ) | |
| successor in interest to | ) | |
| US NATIONAL BANK ASSOCIATION, | ) | |
| as successor trustee to | ) | |
| Bank of America, N.A., successor | ) | |
| by Merger to LaSalle Bank | ) | |
| National Association, as | ) | |
| Indenture Trustee under certain | ) | |
| Second Amended and Restated | ) | |
| Indenture dated as of | ) | |
| February 4, 2005, as the same may | ) | |
| be amended from time to time, for | ) | |
| the benefit of the SBA and | ) | |

AO 72A
(Rev. 8/82)

```
holders of the BLX Funding      )
Trust I Notes, as their interests)
may appear subject to a Second  )
Amended and Restated Multi-Party )
Agreement dated February 4, 2005 )
                                 )
        Defendant                )
_____ )
```

## SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b) and the Local Rules of this Court, and after review of the Rule 26(f) report, the following dates represent the scheduling deadlines in the above-styled adversary proceeding:

| | |
|---|---|
| **DATE ISSUE JOINED** | February 17, 2017 |
| **DATE OF RULE 26(f) CONFERENCE** | March 23, 2017 |
| **LAST DAY FOR FILING MOTIONS TO AMEND OR ADD PARTIES** (60 days after issue joined) | April 18, 2017 |
| **LAST DAY TO SERVE EXPERT WITNESS REPORT BY PLAINTIFF** (60 days after Rule 26(f) conference) | May 22, 2017 |
| **LAST DAY TO SERVE EXPERT WITNESS REPORT BY A DEFENDANT** (90 days after Rule 26(f) conference or 60 days after the answer, whichever is later) | June 21, 2017 |
| **CLOSE OF DISCOVERY** (140 days after issued joined) | July 7, 2017 |

2

| | |
|---|---|
| **LAST DAY FOR FILING CIVIL MOTIONS EXCLUDING MOTIONS IN LIMINE** (30 days after close of discovery) | August 7, 2017 |
| **PROPOSED PRE-TRIAL ORDER DEADLINE** (60 days following the close of discovery or 30 days following the issuance of final orders on any timely filed motion to dismiss or for summary judgment, whichever is later. Defendant(s) shall submit their portion of the pre-trial order to plaintiff(s) seven (7) days before the pre-trial order deadline, in default of which sanctions may be imposed.) | September 5, 2017 |

Motions in limine shall be filed no later than SEVEN (7) DAYS PRIOR TO THE PRE-TRIAL CONFERENCE.

**ANY WITNESS KNOWN PRIOR TO THE CLOSE OF DISCOVERY AND NOT DISCLOSED WILL NOT BE ALLOWED.**

Curricula vitae on all expert witnesses shall be filed separately with the pre-trial order. This rule will be strictly adhered to and the court will not allow the expert witness to testify unless this rule has been complied with.

[END OF DOCUMENT]

AO 72A
(Rev. 8/82)

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | |
|---|---|
| IN RE: )<br>)<br>NAYNA PATEL )<br>VINOD PATEL )<br>)<br>)<br>  Debtors )<br>_____) | Chapter 13 Case<br>Number <u>16-11274</u> |
| NAYNA PATEL )<br>VINOD PATEL )<br>)<br>  Plaintiffs )<br>) | |
| vs. )<br>) <br>BUSINESS LOAN CENTER, LLC as )<br>successor in interest to )<br>US NATIONAL BANK ASSOCIATION, )<br>as successor trustee to )<br>Bank of America, N.A., successor )<br>by Merger to LaSalle Bank )<br>National Association, as )<br>Indenture Trustee under certain )<br>Second Amended and Restated )<br>Indenture dated as of )<br>February 4, 2005, as the same may)<br>be amended from time to time, for)<br>the benefit of the SBA and )<br>holders of the BLX Funding )<br>Trust I Notes, as their interests)<br>may appear subject to a Second )<br>Amended and Restated Multi-Party )<br>Agreement dated February 4, 2005 )<br>)<br>  Defendant )<br>_____) | Adversary Proceeding<br>Number <u>16-01032</u> |

NOTE:

ALL PROPOSED PRE-TRIAL ORDERS SHALL INCLUDE A <u>COMPLETE</u> CASE CAPTION INCLUDING CASE NUMBER

INSTRUCTIONS FOR CONSOLIDATED PRE-TRIAL ORDERS

---

The proposed pre-trial order shall cover the following subjects, numbered serially as below. "Plaintiff" in these instructions refers to all plaintiffs and "Defendant" refers to all defendants in the adversary proceeding. (NOTE: <u>IN PREPARING THE PROPOSED PRE-TRIAL ORDER, REPRODUCE EACH NUMBERED ITEM AS A PREFACE TO THE MATERIAL SUBMITTED</u>).

1. In all cases, counsel are instructed to confer and prepare a consolidated proposed pre-trial order. <u>Counsel are to discuss and agree on every stipulation possible</u>. The stipulations must be reduced to writing, signed, and filed with the consolidated proposed pre-trial order as ATTACHMENT A. **Stipulations can spare witness testimony, trial time, and expense. A party who believes that the other side is in bad faith refusing to stipulate shall set forth "Proposed Stipulations" on ATTACHMENT A. Costs of proving at trial what was never really disputed and what should have been stipulated may be taxed against the offending party and attorney. Those costs may include witness fees and attorney's fees for additional preparation time.**

2. The basis of this Court's jurisdiction and any question relating to its jurisdiction.

3. Any motions or other matters in the case which have not been previously decided. Any motion not enumerated shall be deemed to be abandoned and withdrawn by the moving party.

4. All discovery shall be completed prior to the filing of the consolidated pre-trial order. The date of the conclusion of the discovery process and the expected completion of any untranscribed deposition shall be stated.

5. Whether the names of the parties in the above captioned case are complete and correct and whether there is any question of misjoinder or non-joinder.

6. Outline of the Plaintiff's case. The Plaintiff shall furnish a <u>short</u>, <u>succinct</u>, factual, and narrative statement of his cause of action. This statement should not be argumentative and should not recite evidence, and in no event shall said statement be more than one page.

7. Outline of the Defendant's case.

(a) The Defendant shall furnish a <u>short</u>, <u>succinct</u>, factual, and narrative statement as to all defenses (general and special). This statement should not be argumentative and should not recite evidence, and in no event shall said statement be more than one page.

(b) In all actions involving a counterclaim, cross-claim, or third-party action, the Defendant should summarize the matter, using the above outline required of the Plaintiff.

8. State who has the burden of proof, including any affirmative defenses or special issues.

9. Under this paragraph, both the Plaintiff and Defendant should separately list the witnesses whom each <u>will</u> have present at the trial and those whom each <u>may</u> have present at the trial. A representation that a party <u>will</u> have a witness present may be relied on by the opposing party unless notice to the contrary is given in sufficient time prior to trial to allow the opposing party to subpoena the witness or obtain his testimony. If a witness is not listed when the proposed pretrial order is filed, the Court will not allow the addition of a witness by any party, EXCEPT for providential or other good cause shown to the Court by application for amendment.

10. All documents and physical evidence that may be tendered at the trial shall be exhibited to and initialed by opposing parties <u>prior to pretrial conference date</u>. All evidence shall be marked by the parties prior to the pretrial conference. All evidence shall be marked by the parties prior to the pretrial conference, and each party shall furnish to the Court an exhibit list at the time of the pre-trial conference. Such evidence shall

3

be identified as follows:

(a) A list of documents and physical evidence submitted as joint exhibits.

(b) Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the Plaintiff. Copies of such exhibits must be provided to counsel for each other party no later than fourteen (14) days before the date of the pretrial conference. Objections and reasons therefor must be stated in writing and must be filed no later than seven (7) days before the date of the pre-trial conference. <u>Items not objected to will be admitted when tendered at trial</u>.

(c) Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the Defendant. Copies of such exhibits must be provided to counsel for each other party no later than fourteen (14) days before the date of the pretrial conference. Objections and reasons therefor must be stated in writing and must be filed no later than seven (7) days before the date of the pre-trial conference. <u>Items not objected to will be admitted when tendered at trial</u>.

(d) Any document or other physical evidence listed by any party and not objected to, or to which objections have been overruled, may be received in evidence on offer by any other party in the event the listing party does not actually offer it into evidence.

(e) The foregoing shall not be deemed or construed to expand the rules relating to the admissibility of evidence generally.

(f) No case will be assigned for trial unless all parties have complied with this requirement.

11. List all witnesses whose testimony by deposition will or may be offered by each party and the specific deposition pages and lines to be offered. All objections by opposing parties to any portions of the deposition(s) shall be set forth with specific reference to the portion of the testimony objected to and the basis therefor.

4

(a) Prior to trial, counsel shall confer to eliminate all extraneous, redundant, and unnecessary matter; lapses in questioning or testimony; and colloquy between counsel in the deposition excerpts. Counsel shall also attempt to resolve all objections to deposition testimony to be offered.

(b) The parties shall, if practicable, conform deposition exhibit numbers in trial questions and testimony to the numbers of trial exhibits.

12. Each party shall separately provide a memorandum of authorities as to any questions of law likely to arise at the trial, including the merits of the Plaintiff's claim, defenses asserted, matters of evidence, etc.

13. Plaintiff's counsel estimates _____ (hours) to present Plaintiff's case; Defendant's counsel estimates _____ (hours) to present the defense.

14. State whether there has been any offer of settlement and whether the attorneys desire to confer with the Court on the matter of settlement.

15. Any other matters which should be covered by pre-trial order, including rulings desired of the Court prior to trial.

16. State whether or not the issues of liability and damages should be tried separately (bifurcated) and give any other suggestion toward shortening the trial. Where bifurcation is opposed by any party, such party shall state the reasons for such opposition.

17. The parties shall each file three (3) copies of their proposed findings of fact, summary of depositions, and conclusions of law not later than seven (7) days prior to the assigned trial date.

18. Each party shall identify its attorney(s) who will participate in the trial and shall designate lead trial counsel.

19. The final proposed pretrial order shall be signed by counsel for each party and shall contain a final paragraph, as follows:

"IT IS HEREBY ORDERED that the foregoing constitutes a PRETRIAL ORDER in the above case, that it supersedes the pleadings which are hereby amended to conform hereto, and that this PRETRIAL ORDER shall not be amended except by ORDER OF THIS COURT."

This _____ Day of _____, 20__.

_____
CHIEF UNITED STATES BANKRUPTCY JUDGE

AO 72A
(Rev. 8/82)

6